William G. Royce
Attorney for Petitioner
Samson Tug and Barge Co., Inc.
310 K Street, Suite 200
Anchorage, AK  99501
(907) 495-1000
roycelawoffice@gmail.com

Joseph W. Geldhof
Attorney for Petitioner
MEBA, AFL-CIO
2 Marine Way, Suite 207
Juneau, Alaska 99801
(907) 723-9901
joeg@alaskan.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **SAMSON TUG AND BARGES, CO., INC.** and **MARINE ENGINEERS' BENEFICIAL ASSOCIATION, AFL-CIO** <br><br> **Petitioners,** <br><br> v. <br><br> **INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, ALASKA LONGSHORE DIVISION, and ILWU UNIT 222.** <br><br> **Respondents** | **PETITION TO VACATE ARBITRATION DECISION** <br><br> Civil Action No. _____ |

Petitioners Samson Tug and Barge Co., Inc, (hereafter Samson) and Marine Engineers' Beneficial Association, AFL-CIO allege as follows:

**JURISDICTION AND VENUE**

1. This is an action to vacate a February 13, 2020 arbitration decision by Arbitrator John Kagel. Jurisdiction is conferred upon this Court by Section 301 of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185 through 28 U.S.C. § 1337(a) (action arising under federal law regulating commerce) and 9 U.S.C. § 10.

2. Venue lies within this judicial district pursuant to Section 301(a) and (c) of the LMRA, 29 U.S.C. §§ 185(a), (c), because the duly authorized officers and agents of the union respondents are engaged in representing or acting for employees within the State of Alaska. Venue is proper pursuant 28 U.S.C. § 1391(b) because the events giving rise to this action are substantially connected to this District. Venue is also proper pursuant to 28 U.S.C. § 1391(c) based upon Respondents substantial contacts with this District, including conducting business within this District. Venue also properly lies in this judicial district pursuant to Section 9 of the FAA, 9 U.S.C. § 9, in that the arbitration was commenced in and affects parties within the state of Alaska.

**PARTIES**

3. Samson is an Alaska corporation with its main offices located in Sitka, Alaska. It provides marine tug and barge transportation services between the port of Seattle, Washington and multiple ports within the State of Alaska.

4. Marine Engineers' Beneficial Association, AFL-CIO (MEBA) is an unincorporated labor organization that represents employees in the U.S. maritime industry at ports throughout the United States and on oceangoing vessels, including individuals employed by Plaintiff Samson, through MEBA's affiliate the Inland Boatman's Union of Alaska (IBU-MEBA). MEBA's headquarters is in the District of Columbia. MEBA and IBU-MEBA have offices in Juneau, Alaska.

5. Respondents International Longshore and Warehouse Union, Alaska Longshore Division (hereafter ILWU, Alaska) and ILWU, Unit 222 (hereafter Unit 222) also referred to collectively as ILWU are unincorporated labor organizations with offices located within the state of Alaska.

**FACTS**

6. ILWU, Alaska and Unit 222 are parties to a Collective Bargaining Agreement ("CBA") with, among other employers, Matson, Inc. (hereafter Matson) and American President Lines LTD (hereafter APL).

7. Petitioners are not parties to any agreements with ILWU but are parties to a CBA between Samson and IBU-MEBA. A CBA between Samson and IBU-MEBA has existed for decades, and is top to bottom including tug crew, longshore worker, mechanics, and truckers. A copy of the current CBA between Samson and IBU-MEBA, effective as of July 1, 2019 is attached as Exhibit 1.

8. Petitioner Samson operates and provides scheduled service to and between the ports of Seattle, Washington and many Alaska ports including Ketchikan, Prince of

Petition to Vacate Arbitration Award    3
*Samson Tug et. al. v. ILWU*

Case 3:20-cv-00108-TMB   Document 1   Filed 05/12/20   Page 3 of 9

Wales, Petersburg, Wrangell, Juneau, Sitka, Cordova, Valdez, Seward, Kodiak, King Cove and Dutch Harbor. Petitioner provides as-needed service to other Alaska ports including Larsen Bay and Adak. Many of Samson's full or part-time employees who work cargo in these ports are members of IBU-MEBA. None of Samson's employees are members of ILWU.

9. Samson's terminal at Kodiak, located in Womens Bay, is a hub port which means cargo to and from Western Alaska is often unloaded and reloaded in a configuration to facilitate safe ocean transport and efficient handling of cargo at outer ports with less or different cargo handling facilities and equipment.

10. Samson has operated at its Kodiak, Womens Bay terminal for approximately forty (40) years under a series of leases with the prior owner LASH Corporation, an Alaska corporation (hereafter LASH).

11. Samson always has utilized its Kodiak employees who are members of IBU-MEBA to unload and load cargo at Womens Bay. Samson has never utilized ILWU members to unload or load cargo at Womens Bay.

12. In 2016 Matson purchased the terminal at Womens Bay from LASH. To facilitate this purchase Matson requested that Samson modify its existing lease with LASH to a month-to-month rental and give up its right of first refusal under its existing lease. In consideration for Samson's cooperation to facilitate Matson's purchase of the Womens Bay terminal Matson agreed to enter into future good faith negotiations with Samson to, among other items, address the term of the lease. A copy of this agreement is

attached as Exhibit 2. Samson has continued its normal Womens Bay cargo operations with its Kodiak employees who are members of IBU-MEBA after Matson purchased the Womens Bay terminal.

13. Matson and ILWU are parties to a collective bargaining agreement under which an issue of ILWU union work jurisdiction for cargo operations at Womens Bay was addressed in arbitration. Samson is not signatory to any CBA with ILWU and is a stranger to Matson's collective bargaining agreement with ILWU and to the arbitration.

14. Matson and ILWU participated in an arbitration pursuant their CBA on the issue of ILWU union work jurisdiction for cargo operations at Womens Bay.

15. The Alaska Arbitrator for the Matson - ILWU arbitration decided that ILWU had no jurisdiction for any of Samson's cargo operations at Womens Bay. A copy of the Alaska Arbitrator's award is attached as Exhibit 3.

16. ILWU appealed the Alaska arbitrator's award to the Coast Arbitrator, John Kagel. On February 13, 2020 the Coast Arbitrator issued an award that purports to require Samson to utilize ILWU represented individuals to operate any cargo handling equipment at Samson's Womens Bay terminal instead of Samson's IBU-MEBA represented employees who have traditionally done this work. A copy of the Coast Arbitrator's decision is attached as Exhibit 4. Neither Samson nor IBU-MEBA participated in the arbitration proceedings between Matson and the ILWU.

17. Based on the Coast Arbitrator's decision (Exhibit 4) the ILWU has made a number of demands on Samson, a stranger to the Matson-ILWU collective bargaining

agreement, to henceforth use ILWU represented employees to perform all of Samson's cargo operations at Womens Bay, including waterside cargo handling on its barges, rather than Samson's IBU-MEBA represented employees who have traditionally done this work. See Exhibit 5.

18. Inserting ILWU labor into Samson's cargo handling operations at Womens Bay will disrupt its operations in other ports and affect Samson's ability to safely configure, load and stow cargo, thereby affecting the safety of Samson's ocean going cargo operations. These factors were fundamental to a recent NLRB decision, following a several day hearing involving ILWU and Samson, which awarded barge cargo handling work at Pier II in Kodiak, Alaska to Samson's IBU-MEBA employees. See Exhibit 6.

19. ILWU has also demanded that Matson respect the Coast Arbitrator's decision by terminating Samson's Womens Bay lease thereby canceling Samson's occupancy of its terminal at Womens Bay if Samson does not use ILWU represented individuals for its Womens Bay cargo operations. See Exhibit 5.

20. ILWU has also used the Coast Arbitrator's award to demand Samson use ILWU represented individuals for cargo operations at other ports and locations including the waterside operations at Pier II, a separate Kodiak terminal. See Exhibit 5.

21. The jurisdiction of the two unions, ILWU and IBU-MEBA for work at Pier II in Kodiak, Alaska has been determined by the NLRB in a Decision issued April 28, 2020 which is attached hereto as Exhibit 6. This decision grants Samson's IBU-MEBA employees the waterside cargo handling work at Pier II, Kodiak, Alaska. In this decision,

the NLRB also recognized the decades long history of IBA-MEBA represented employees performing cargo operations at Womens Bay pursuant to a CBA and the safety and efficiency problems which would result from inserting ILWU represented individuals into Samson's ocean going cargo handling operations.

22. On information and belief, based on the arbitration award at issue here, which is in conflict with the jurisdictional logic of the related ruling by the NLRB decision discussed above (Exhibit 6), ILWU has submitted time cards to Matson which charge Matson for labor hours claimed by ILWU for work done by Samson's IBU-MEBA represented individuals at Womens Bay, including the work in excess of that awarded by the Coast Arbitrator.

23. On information and belief Matson intends to charge Samson for the time card labor hours submitted by ILWU for work done by Samson's IBU-MEBA represented individuals at Womens Bay.

24. Petitioners request that the Coast Arbitrator's award be vacated. The Coast Arbitrator's award, if not vacated, would require Samson, which is a not party to the Matson-ILWU collective bargaining agreement, to violate its obligations to its Kodiak employees and to their union IBU-MEBA.

25. The Coast Arbitrator's award, if not vacated, would cause IBU-MEBA members who are employed by Samson to lose their work handling cargo at Womens Bay.

26. Application of the Coast Arbitrator's decision to force a third party, Samson to use ILWU labor at its Womens Bay terminal and not its own employees who are members of the IBU-MEBA, is contrary to law, public policy, safe and efficient operations, and Samson's contractual obligations to its employees through its CBA with IBU-MEBA and must be vacated.

27. Petitioners have no adequate remedy at law as only a judgment vacating the Award will provide them with the relief required under these circumstances and recognize the jurisdictional logic of the recent NLRB decision (Exhibit 6) which is contrary to the Arbitrator's award and issued in a private arbitration in which neither Samson nor IBU-MEBA participated.

WHEREFORE, Petitioners respectfully petition and request that this Court

1. Enter an Order vacating the ILWU Coast Arbitrator's decision of February 13, 2020 in whole or in part,

2. Award Petitioners' costs and fees of suit incurred, and

3. Grant such other and further monetary and equitable relief that the Court may deem just and proper.

Dated: May 10, 2020

        Respectfully submitted,

        s/ William G. Royce
        William G. Royce
        Alaska Bar No. 7210066

        s/ Joseph W. Geldhof
        Joseph W. Geldhof
        Alaska Bar No. 8111097