# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*Samson Tug & Barge, Co., Inc., et al. v. International Longshore & Warehouse Union, et al.*
Case No. 3:20-cv-00108-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

Before the Court are Defendant International Longshore and Warehouse Union's ("ILWU") and Plaintiff Samson Tug and Barge, Co., Inc.'s ("Samson") requests for judicial notice of various documents (collectively, "Requests").[1] For the following reasons, the Requests are **GRANTED in part** and **DENIED in part**.

*A. Requests for Judicial Notice*

ILWU filed a request for judicial notice in consolidated Case No. 3:20-cv-00248-TMB, asking the Court take judicial notice of: (1) current president of the ILWU Dennis Young's Declaration filed in Case No. 3:20-cv-108-TMB (the present case), and exhibits attached thereto, and (2) a copy of *International Longshore and Warehouse Union, et al. v. National Labor Relations Board, et al., Nos. 19-70297, 19-70604, 19-71471*, 978 F.3d 625, 2020 WL 6054622 (9th Cir. Oct. 14, 2020) ("NLRB Opinion").[2] The exhibits attached to Young's Declaration include: All Alaska Longshore Contract between ILWU and longshore employers (Exhibit A); the January 22, 2019 Decision by Alaska Arbitrator Herald C. Ugles (Exhibit B); April 5, 2019 Meeting Minutes of the Joint Port Labor Relations Committee (Exhibit C); May 13, 2019 Decision by Alaska Arbitrator Herald C. Ugles (Exhibit D); the June 3, 2019 Decision by Alaska Arbitrator Herald C. Ugles (Exhibit E); the February 13, 2020 Decision by Coast Arbitrator John Kagel (Exhibit F); the August 1, 2014 Lease agreement between Lash Corporation and Samson (Exhibit G); and the Amendment to Lease between Matson and Samson (Exhibit H).[3] The Request is unopposed.

Samson also filed a request that the Court take judicial notice of: (1) George Baggen's Declaration filed in opposition of ILWU's Motion to Dismiss (Docket 27), and (2) a copy of the Petition to Vacate Arbitration Award (Docket 1).[4] It does not appear ILWU opposed Samson's Request.

---

[1] Dkts. 40 (ILWU's Request for Judicial Notice in Support of Motion to Dismiss & Strike); 44 (Samson's Request for Judicial Notice). At the parties' request, The Court consolidated this case with Case No. 3:20-cv-00248-TMB. Dkts. 35 (Plaintiffs' Unopposed Motion To Consolidate); 36 (Order Granting Motion to Consolidate). ILWU's Request is also docketed in Case No. 3:20-cv-00248-TMB (Dkt. 9).

[2] Dkts. 40 at 1–3; Dkt. 40-1 (Young Dec. & Exs. A–H); 40-2 (NLRB Op.).

[3] Dkt. 40-1 at 1–90.

[4] Dkts. 44; 44-1 (Dkt. 27); 44-2 (Dkt. 1).

1

B.   *Federal Rule of Evidence 201*

Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."[5] Under Federal Rule of Evidence ("Rule") 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[6] The court "may take judicial notice on its own[] or . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."[7] "The court may take judicial notice at any stage of the proceeding."[8]

Facts contained in public records are considered appropriate subjects of judicial notice,[9] including the 'records and reports of administrative bodies'"[10] or press releases.[11] Additionally a court may take judicial notice of its own records and the records and proceedings of other courts.[12] The consequences of taking judicial notice are significant.[13] Accordingly, courts should be cautious in taking judicial notice and to do so only when the matter is "beyond controversy."[14]

---

[5] Black's Law Dictionary (10th ed. 2014).

[6] Fed. R. Evid. 201(b); D. Alaska L. R. 7.3(d) ("Requests that the court take judicial notice pursuant to Federal Rule of Evidence 201 must be made in a separate motion.").

[7] Fed. R. Evid. 201(c).

[8] Fed. R. Evid. 201(d).

[9] *Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n.2 (9th Cir. 2006); *Metro. Creditors' Trust v. Pricewaterhousecoopers, LLP*, 463 F. Supp. 2d 1193, 1197 (E.D. Wash. 2006) (noting that the Ninth Circuit has taken a "cautious approach to judicial notice").

[10] *United States v. Richie*, 342 F.3d 903, 909 (9th Cir. 2003) (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)).

[11] *See In re Homestore.com, Inc., Sec. Litig.*, 347 F. Supp. 2d 814, 816–17 (C.D. Cal. 2004); *Gerristen v. Warner Bros. Enter. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) ("[T]o the extent the court *can* take judicial notice of press releases and news articles, it can do so only to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'") (emphasis in original) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010)).

[12] *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted)); *In re Homestore.com, Inc., Sec. Litig.*, 347 F. Supp. 2d. at 816 (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir. 2001)).

[13] *See Rivera v. Philip Morris, Inc.,* 395 F.3d 1142, 1151 (9th Cir. 2005) (Judicial notice precludes either party from introducing evidence to disprove that fact.).

[14] *Id.*; *Metro. Creditors' Trust*, 463 F. Supp. 2d at 1197.

2

C.    Analysis

First, ILWU's Request belonged to the companion case and primarily seeks judicial notice of documents filed in the *present* case.[15] Thus, following consolidation of the cases, insofar as ILWU ask the Court to take judicial notice of declarations and exhibits appearing at Docket 13, this request is **DENIED without prejudice**. However, it does not appear the NLRB Opinion, *International Longshore and Warehouse Union, et al. v. National Labor Relations Board, et al., Nos. 19-70297, 19-70604, 19-71471*, 978 F.3d 625, 2020 WL 6054622 (9th Cir. Oct. 14, 2020), has been docketed.[16] Since, it is appropriate for the Court to take judicial notice of materials and decisions from other courts and tribunals, the Court **GRANTS in part** ILWU's Request to Take Judicial Notice of the NLRB Opinion.[17] Accordingly, ILWU's Request for Judicial Notice at Docket 38 is **GRANTED in part** and **DENIED in part**.

Second, Samson filed a request that the Court take judicial notice of George Baggen's Declaration filed in opposition of ILWU's Motion to Dismiss, filed at Docket 27, and of the Petition to Vacate Arbitration Award, filed at Docket 1.[18] The Court notes that declarations are not facts contained in the public record or beyond controversy and are not properly the subject of judicial notice.[19] Additionally, it is unclear why Samson seeks judicial notice of Dockets 1 and 27, given that the cases have been consolidated. Although a court may take judicial notice of its own docket,[20] the Court sees no reasons to do so in this instance, as the entire record of both cases—Case No. 3:20-cv-00248-TMB and Case No. 3:20-cv-00108-TMB—is available for the Court's review. Accordingly, Samson's Request for Judicial Notice at Docket 44 is **DENIED without prejudice**.

D.    Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part without prejudice** ILWU's Request for Judicial Notice at Docket 40 and **DENIES without prejudice** Samson's Request for Judicial Notice at Docket 44.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 12, 2021.

---

[15] *See* Dkts. 13 (Young Decl.); 13-1–13-8 (Exs.).
[16] *See* Dkts. 40-2 (NLRB Op.).
[17] *See Headwaters Inc.*, 399 F.3d at 1051 n.3; *Richie*, 342 F.3d at 909.
[18] Dkts. 44; 44-1; 44-2.
[19] *See Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (taking judicial notice of declarations and attached exhibits on file in federal court in litigation as matters of public record); *Gerristen,* 112 F. Supp. 3d at 2021 ("Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss . . . if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice.").
[20] *Robinson v. Heritage Elem. Sch.*, No. CV–09–0541–PHX–LOA, 2010 WL 1511663, at *3 (D. Ariz. Apr. 15, 2010) ("It is an 'established rule' that a 'federal district court can take judicial notice of its own  records[.]'") (quoting *Chandler v. United States,* 378 F.2d 906, 909 (9th Cir. 1967)).