IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG & BARGE, CO. INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL LONGSHORE & WAREHOUSE UNION, ALASKA LONGSHORE DIVISION, and ILWU UNIT 222, <br><br> Defendants. | Case No. 3:20-cv-00108-TMB <br> Case No. 3:20-cv-00248-TMB <br> Consolidated <br><br> ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. 83) |

## I. INTRODUCTION

The matter comes before the Court on Plaintiff Samson Tug and Barge, Co. Inc.'s ("Samson") Motion for Reconsideration (the "Motion").[1] Samson asks the Court to reconsider its Order Granting Defendants International Longshore and Warehouse Union, Alaska Longshore Division and ILWU Unit 222's (collectively "ILWU") Motion to Dismiss.[2] For the reasons discussed below, the Motion for Reconsideration is **DENIED**.

## II. BACKGROUND

The background of this case is set forth in great detail at Dockets 81 and 82 and will not be repeated here.[3]

---

[1] Dkt. 83 (Motion).

[2] *Id.* at 1; Dkts. 82 (Order Granting ILWU's Motion to Dismiss); 11 (Motion to Dismiss).

[3] Dkts. 81 (Order Denying Preliminary Injunction); 82.

1

*A. Motion to Dismiss*

On May 12, 2020, Samson filed a Petition to Vacate the Arbitration Decision pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and § 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10.[4]

On July 22, 2020, ILWU moved to dismiss Samson's Petition pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6).[5] In its Motion to Dismiss, ILWU argued Samson's claim under Section 301 should be dismissed for lack of federal subject matter jurisdiction because (1) Samson did not allege the Arbitration Decision ("Decision") violated the All Alaska Longshore Agreement ("AALA")[6] or federal law; and (2) Samson lacked standing to challenge the Decision because it is not a party to or the beneficiary of the CBA between ILWU and Matson.[7] Further, ILWU argued the Section 301 claim should be dismissed for failure to state a claim for relief because Samson did not allege the Decision violates the AALA or federal labor law.[8] ILWU argued Samson's claim under § 10 of the FAA fails because Samson was not a party to the

---

[4] Dkts. 1 at ¶¶ 1–2 (Petition to Vacate); 11 at 2. On October 5, 2020, Samson also filed a Complaint for Damages under Section 303 of the LMRA, 29 U.S.C. § 187 in the companion Case No. 3:20-cv-248-TMB. The Petition to Vacate involves the Decision which is the basis for the damages incurred in Case No. 3:20-cv-00248-TMB. Because the present case and the companion case are both based on the same underlying facts, and each action challenges the legality of imposing the burdens of an arbitration decision on Samson, an entity that was not party to the arbitration, the Parties' request to consolidate the cases was granted. On November 23, 2020, Case No. 3:20-cv-00248-TMB was consolidated under the present case. Dkts. 36 (Order Granting Unopposed Motion to Consolidate); 35 (Motion to Consolidate).

[5] Dkts. 11; 12 (Mem. In Support of Mtn. to Dismiss).

[6] ILWU is party to a multi-employer collective bargaining agreement ("CBA") called the All Alaska Longshore Agreement ("AALA"). Dkt. 13 (Young Decl.); *see also* Dkt. 13-1 (AALA). Samson is not a party to the AALA or any agreement with ILWU. Dkt. 1 at ¶¶ 6–7.

[7] Dkts. 11 at 2; 12 at 17–22.

[8] Dkts. 11 at 2; 12 at 23–25.

2

underlying arbitration proceedings, Samson's claim is time barred, and Samson fails to allege any statutory basis for relief.[9]

On March 5, 2021, Court granted ILWU's Motion to Dismiss.[10] The Court reasoned the Court lacked jurisdiction over Samson's Petition because Samson did not allege a breach or violation of the AALA, the subject of the Decision.[11] Additionally, the Court concluded Samson lacked standing to petition to vacate the Decision because Samson is not a party to or third-party beneficiary of the AALA.[12]

B. *Samson's Motion for Reconsideration*

On March 11, 2021, Samson filed the present Motion for Reconsideration under District of Alaska Local Civil Rule 7.3(h) and Rule 59.[13] Samson asks the Court to reconsider its ruling granting ILWU'S Motion to Dismiss because, Samson argues, the Court has made a manifest error of law.[14]

First, Samson argues that the Court "absolutely has jurisdiction to vacate an arbitration award rendered pursuant to a collective bargaining agreement."[15] Because Section 301 of the LMRA provides that "'[s]uits for violation of contracts between an employer and a labor organization'" may be brought in any United States district court and that "[l]ong standing

---

[9] Dkts. 11 at 2; 12 at 25–27.

[10] Dkt. 82.

[11] *Id.* at 11 (citing Dkt. 81 at 18–26).

[12] *Id.*

[13] Dkt. 83.

[14] *Id.* at 2, 6.

[15] *Id.* at 3.

precedent holds that this provision gives the court subject matter jurisdiction to vacate or enforce an arbitration award issued pursuant to a collective bargaining agreement."[16] Samson argues that if Matson or ILWU had filed suit seeking enforcement or vacation of the award, "there would be no doubt that the [C]ourt has jurisdiction to either enforce or vacate the award[.]"[17] Further, "the ILWU's purpose of the arbitration proceedings was to establish a 'violation' of the collective bargaining agreement between Matson and ILWU."[18]

Second, Samson argues it does have standing to seek to vacate the Decision because it "has in fact suffered a substantial injury" and this injury "satisfies the Article III requirement."[19] Further, Samson argues it is within the "'zone of interest' protected by [S]ection 301, and therefore has statutory standing."[20] Samson argues the Court incorrectly concluded it lacked statutory standing under Section 301 because Samson is not a party to or beneficiary of the AALA.[21] Samson argues Section 301's zone of interest is "far broader" than what the Court concluded and "encompasses nearly all aspects of labor management relations[.]"[22]

Finally, Samson argues Congress, in enacting Section 301, intended "the administration of collective bargaining contacts" to be "accomplished under a uniform body of federal substantive

---

[16] *Id.* (quoting 29 U.S.C. § 185).

[17] *Id.* at 4.

[18] *Id.*

[19] *Id.* at 5.

[20] *Id.* at 4–5.

[21] *Id.* at 5.

[22] *Id.*

4

law."[23] Disallowing Samson's claims in this case would "run afoul of this congressional policy" because federal courts should decide in a uniform manner whether "a party can exert substantial leverage over a non-party resulting in replacement of one union's members with another union's members" and "commit a specific unfair labor practice[.]"[24]

### III. LEGAL STANDARD

Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[25] Under Alaska Local Rule ("Local Rule" or "L.R.") 7.3(h)(1)(B), "[a] court will ordinarily deny a motion for reconsideration absent a showing of . . . manifest error of the law or fact[.]"[26] "A motion for reconsideration of an order granting a dipositive motion must be filed pursuant to Federal Rule of Civil Procedure 59 or 60."[27]

Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."[28] Rule 59(e) does not list specific grounds or basis for

---

[23] *Id.* at 6.

[24] *Id.*

[25] *Blakney v. Prasad*, No. 3:18-cv-00098-TMB, 2019 WL 3253961, at *1 (D. Alaska July 19, 2019) (citation and internal quotation marks omitted); *First Student, Inc. v. Int'l Brotherhood of Teamsters, Local 959*, No. 3:18-cv-00305-SLG, 2019 WL 5026351, at *1 (D. Alaska Oct. 8, 2019).

[26] D. Alaska L. Civ. R. 7.3(h)(1)(A); *Alexie v. Hageland Aviation*, No. 4:07–cv–0031–RRB, 2008 WL 6984137, at *1 (D. Alaska Feb. 25, 2008) ("District of Alaska Local Rule[s] [] do[] not establish a standard for granting or denying motions for reconsideration. However, as a question of judicial efficiency, motions for reconsideration should only be sought or granted if the court has overlooked a material fact, misconceived a principle of law directly bearing upon the litigated issue, or if the court's initial decision was clearly erroneous or presents the risk of committing a manifest injustice.").

[27] D. Alaska L. Civ. R. 7.3(h)(5).

[28] Fed. R. Civ. P. 59(e); *Shapiro ex rel Shapiro v. Paradise Valley Unified Sch. Dist.*, 374 F.3d 857, 863 (9th Cir. 2004) ("[A] timely filed motion for reconsideration under a local rule is construed as a motion to alter or amend a judgment under Rule 59(e).") (citing *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995)); *see also Ferris v. City of San Jose*, No. 11–CV–

entertaining a motion for reconsideration and a district court enjoys broad distraction in deciding whether to grant or deny such motions.[29] However, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[30]

## IV.  ANALYSIS

Samson moves, pursuant to Local Rule 7.3(h) and Rule 59, for reconsideration of the Court's Order granting Defendants' Motion to Dismiss.[31] After consideration of the Motion, the Court **DENIES** Samson's Motion.

Samson first argues that the Court "absolutely has jurisdiction to vacate an arbitration award rendered pursuant to a collective bargaining agreement."[32] The Court never stated that it lacked jurisdiction under Section 301 vacate an arbitration in all circumstances. However, the party

---

01752–LH, 2013 WL 1120805, at *2 (N.D. Cal. Mar. 16, 2013) ("Rule 59(e) of the Federal Rules of Civil Procedure is the proper avenue for filing a motion for reconsideration of a motion to dismiss without leave to amend.") (citing *Mir v. Fosburg,* 646 F.2d 342, 344 (9th Cir. 1980).

[29] *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir.1999) (en banc) ("'Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'") (quoting 11 Charles Alan Wright et al., F. Practice & Procedure § 2810.1 (2d ed. 1995)).

[30] *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *McDowell*, 197 F.3d at 1255 n.1 ("'There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct *manifest errors of law or fact upon which the judgment is based.* Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice . . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.'") (citation omitted).

[31] Dkt. 83 at 2.

[32] *Id.* at 3.

seeking to vacate an arbitration decision must allege a breach of the collective bargaining agreement, which Samson does not do.[33] Even the case Samson cites in support of its argument for jurisdiction in this case, *Kemner v. Dist. Counsel Painting & Allied Trades No. 36*, states: "To establish jurisdiction under section 301, [plaintiff] must allege that there was a breach of the collective bargaining agreement."[34] Insofar as Samson argues Section 301 permits review of *any* arbitration decision involving "disputes over the terms of collective bargaining agreements,"[35] Samson cites no authority for this more expansive reading. Therefore, Samson cannot show that the Court's application of the law based on Ninth Circuit precedent is a manifest error of law.

Second, Samson argues it has standing to seek to vacate the Decision because (1) it has shown a substantial injury under Article III and (2) is within the "'zone of interest' protected by [S]ection 301, and therefore has statutory standing."[36] Samson argues Section 301's zone of interest is "far broader" than what the Court concluded and "encompasses nearly all aspects of labor management relations[.]"[37] However, Samson again cites to no authority showing that an employer who is not a party to or beneficiary of a collective bargaining agreement or the underlying decision may petition a federal court to vacate an arbitration decision. Samson also has not attempted to distinguish the law cited by ILWU or the Court in reaching its conclusion that

---

[33] See 29 U.S.C. § 185 (Section 301(a) of the LMRA provides that "***[s]uits for violation of contracts between an employer and a labor organization*** . . . may be brought in any district court of the United States having jurisdiction of the parties[.]") (emphasis added); Dkt. 83 at 3.

[34] 768 F.2d 1115, 1118 (9th Cir. 1985) (citing *McCauslin v. FMC Corp.*, 728 F.2d 1275, 1275 (9th Cir. 1984)).

[35] Dkt. 83 at 6.

[36] *Id.* at 4–5 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

[37] *Id.*

7

only a party to or third-party beneficiary of a collective bargaining agreement may challenge an arbitration decision in federal court. Samson has failed to show the Court committed a manifest error of law under the local or federal rules. Accordingly, for the foregoing reasons, Samson's Motion is **DENIED**.

V. CONCLUSION

Samson has not shown that there is a manifest error of fact or law in the Court's decision. Accordingly, the Motion for Reconsideration at Docket 83 is **DENIED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 22nd day of March 2021.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE