IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*Samson Tug & Barge, Co., Inc., et al. v. International Longshore & Warehouse Union, et al.*
Case Nos. 3:20-cv-00108-TMB, 3:20-cv-00248-TMB, Consolidated

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

Before the Court is Plaintiff Samson Tug & Barge, Co.'s ("Samson") untimely Motion for Jury Trial (the "Motion").[1] Defendants International Longshore and Warehouse Union and ILWU Unit 222 (collectively "ILWU") oppose the Motion.[2] The Court held argument on the Motion.[3] For the following reasons, Samson's Motion is **GRANTED**.

    *A.    Samson's Motion for Jury Trial*

On May 14, 2021, Samson filed its Motion for Jury Trial pursuant to Federal Rule of Civil Procedure ("Rule") 39(b).[4] Samson acknowledges it "did not request a jury trial in a timely manner under Rule 38" but argues that "under Rule 39(b) the 'court may, on motion, order a jury trial on any issue for which a jury might have been demanded.'"[5] Samson notes that "although no definitive test exists, courts have considered the following factors in determining whether to grant a motion for a jury trial after the time limit imposed by Rule 38 has elapsed: "(1) the justifiability of the delay; (2) the appropriateness of the issues for trial by jury; (3) the prejudice to the opposing party; (4) the timeliness of the motion; and (5) the effect of granting the motion on the orderly administration of justice."[6]

Under these factors, Samson argues that its delay in filing the Motion was excusable because lead counsel, William Royce underwent open-heart surgery on April 23, 2021, on the same date that ILWU filed its Answer.[7] Samson notes its deadline for demanding a jury was on May 7, 2021, but that it did not file this Motion until May 14, 2021.[8] Nevertheless, Samson argues ILWU would not be prejudiced by the Court's granting of the Motion because "[n]o events affecting this case have occurred in the past week," "[n]o pre-trial schedule has been issued and no discovery [has] taken place," and, due to "Mr. Royce's surgery[,] the case [was] essentially on hiatus until May 27,"

---

[1] Dkts. 94 (Motion); 95 (Royce Decl.). At the Parties' request, The Court consolidated this case with Case No. 3:20-cv-00248-TMB. Dkts. 35 (Plaintiff's Unopposed Motion to Consolidate); 36 (Order Granting Motion to Consolidate).
[2] Dkt. 100 (Opposition).
[3] Dkts. 102, 104 (Minute Entries).
[4] Dkt. 94 at 1.
[5] *Id.* at 2 (quoting Fed. R. Civ. P. 39(b)).
[6] *Id.* at 2–3.
[7] *Id.* at 3.
[8] *Id.*

1

when Samson's response to ILWU's Motion for Reconsideration was due.[9] Samson notes it filed the present Motion "immediately upon Mr. Royce's recovery and return to work."[10] Further, Samson argues granting its Motion would not adversely affect "the orderly administration of justice" because no deadlines must be rescheduled and "no additional strain is placed on judicial resources."[11] Finally, Samson argues the questions at the heart of the dispute in this case involve "inherently factual issues appropriate for a jury" to resolve.[12]

ILWU opposes the Motion.[13] ILWU argues that Rule 39(b) "'does not permit a court to grant relief when the failure to make a timely [jury] demand results from an oversight or inadvertence.'"[14] While ILWU states it is sympathetic to Mr. Royce's serious health condition, it points out that "Mr. Royce has associated [with] new counsel, Thomas Dosik, in February of this year" and "Samson offer[s] no justification for why Mr. Dosik was unable to file a timely jury demand."[15] Accordingly, ILWU argues Samson "fails to identify any justification for its untimely demand beyond mere oversight and inadvertence and, under Ninth Circuit precedent, [its demand] must be denied."[16]

Samson filed a Reply reiterating that Samson acted in complete good faith and "did not seek to use the delay to its advantage or to prejudice ILWU."[17] Samson points out that the Ninth Circuit has not spelled out what is sufficient under Rule 39 to permit a court to order a jury trial and urges the Court to follow the decision of the District Court for the Northern Mariana Islands in *Baldwin v. United States*, applying the excusable neglect standard of Rule 6(b) to an untimely motion for jury trial.[18] If the Court applies this standard, Samson argues any neglect in missing the Rule 38 deadline is excusable because "lead counsel had major open heart surgery in a foreign state for a life threatening condition" and this "serious and substantial" reason for delay was "out of the control of Samson and its attorneys."[19] Samson argues, that although co-counsel could have timely filed the request for jury trial, "the failure to timely file the request came not from the physical inability to do the work, but to communicate and recognize the need to file the request."[20] In other words, "[t]he short time between the recognition of the need for surgery and the surgery itself resulted in a failure to address all potentialities that might arise."[21]

---

[9] *Id.* at 3–4; *see also* Dkt. 95 at ¶¶ 1–6.
[10] Dkt. 94 at 4
[11] *Id.*; Dkt. 95 at ¶ 8.
[12] Dkt. 94 at 3.
[13] Dkt. 100.
[14] *Id.* at 2 (quoting *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001), *quoting Lewis v. Time Inc.*, 710 F.2d 549, 556–57 (9th Cir. 1983)).
[15] *Id.*
[16] *Id.* at 2–3.
[17] Dkt. 101 (Reply).
[18] *Id.* at 1–2 (citing *Baldwin v. United States*, 823 F. Supp. 2d 1087, 1113 (D. N. Mar. I. 2011)).
[19] *Id.* at 3–4.
[20] *Id.* at 3.
[21] *Id.*

On August 13, 2021, the Court heard argument from the Parties on the Motion.[22] Samson's lead counsel, Mr. Royce, described how in February 2021, he discovered he had a serious medical condition related to his heart. Mr. Royce brought Mr. Dosik on as co-counsel for case continuity; however, Mr. Dosik had "limited contact" with the case and Mr. Royce, who had a thirty-year relationship with the client, remained lead counsel and responsible for court filings. Mr. Royce traveled out of state in March to see a surgeon and was told his condition was life threatening and would require surgery within the next month. Mr. Royce returned to Alaska to get his affairs in order and communicated to Mr. Dosik that Samson would need to file a Motion for Jury Trial but that nothing was imminent, as ILWU's Motion to Dismiss was still pending. On April 19, 2021, Mr. Royce again traveled out of state, and on April 23, he underwent open-heart surgery in Utah. Also on April 23, 2021, ILWU filed its Answer to Samson's Complaint. On May 3, 2021, Mr. Royce was released from the hospital, left Utah, and returned to Oregon to recuperate at his brother's home. On May 12, 2021, Mr. Royce learned that ILWU had filed its Answer, and over the course of the next two days Mr. Royce worked remotely with Mr. Dosik to prepare the instant Motion, which he filed on May 14, 2021. Mr. Royce argued that the untimely Motion was the result of *more* than "mere inadvertence." Counsel for ILWU, Ms. Emily Maglio, stated that based on the papers, she understood that Mr. Dosik took over the litigation. However, in light of Mr. Royce's statements at the hearing, she agreed the factual basis on which ILWU based its original opposition had changed. Ms. Maglio also acknowledged that ILWU suffered no prejudice as a result of the untimely Motion—filed seven days after the deadline.

After hearing from the Parties, the Court orally granted Samson's Motion.[23] The Court now memorializes its finding as follows.

      B.     *Untimely Request for Jury Trial*

The Seventh Amendment guarantees the right to a trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars."[24] "Like other constitutional rights, the right to a jury trial in civil suits can be waived."[25] Rule 38 states that a party may demand a jury trial on "any issue triable of right" by serving the other parties with a written demand "no later than 14 days after the last pleading directed to the issue is served."[26] A party waives a jury trial, however, "unless its demand is properly served and filed."[27] If no demand for a jury trial is made, a court may, pursuant to a Rule 39(b) motion, order a jury trial on any issue for which a jury might have been demanded.[28] However, a district court's discretion under Rule 39(b) is narrow and "does not

---

[22] Dkt. 104.
[23] *Id.*
[24] U.S. Const. Am. VII.
[25] *Solis v. Los Angeles*, 514 F.3d 946, 953 (9th Cir. 2008) (citations omitted).
[26] Fed. R. Civ. P. 38(b).
[27] Fed. R. Civ. P. 38(d); *see also Solis*, 514 F.3d at 953–54.
[28] Fed. R. Civ. P. 39(b).

permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence."[29]

As Samson notes, in *Baldwin*, the district court agreed with the plaintiff that the excusable neglect analysis under Rule 6(b) should apply to untimely jury demands.[30] The court applied a "four-factor equitable test for determining what constitutes 'excusable neglect': 'the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"[31]

The *Baldwin* court's approach—relying on a Rule 6(b) analysis to circumvent the limited discretion under Rule 39(b)—appears to be a singular deviation from the majority of district courts in the Ninth Circuit.[32] Nevertheless, because the Court finds the delay in filing a Motion for Jury Trial was proper under Rule 39, the Court need not determine whether the Rule 6(b) standard should apply in this case.

Here, the Court **GRANTS** the Motion pursuant to Rule 39(b). Samson has demonstrated that the short delay in filing its Motion was due to more than mistake or mere inadvertence. Samson's lead counsel, Mr. Royce, underwent open-heart surgery out of state the same day ILWU filed its Answer. Although co-counsel was brought on to the case earlier this year, Mr. Royce retained—and continues to have—strategic control over his client's representation and was in charge of approving all filings on behalf of Samson. Further, Mr. Royce has a thirty-year relationship with the Samson. The delay in filing the jury request was brief and made while the case was effectively stayed pending Samson's response to Motion for Reconsideration. ILWU acknowledges it suffered no prejudice from the delay. Moreover, the Court must construe, administer, and employ the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of

---

[29] *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086–87 (9th Cir. 2002); *Pac. Fish. Corp.*, 239 F.3d at 1002 (reiterating that "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown" and that a good faith mistake in law insufficient for relief under Rule 39).

[30] *Baldwin*, 823 F. Supp. 2d at 1096, 1113–19; Fed. R. Civ. P. 6(b) (A court may, for good cause, extend the time for filing motions "on motion made after the time has expired if the party failed to act because of excusable neglect[.]").

[31] *Id.* at 1114 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 (1993)).

[32] *See, e.g.*, *Vaxiion Thera., Inc. v. Foley & Lardner LLP*, No. 07cv00280-IEG (RBB), 2008 WL 11337433, *3 (S.D. Cal. Nov. 7, 2008) ("Plaintiff's argument is without merit because an overwhelming number of Ninth Circuit cases have exclusively relied on Federal Rule of Civil Procedure 39(b), and not Rule 6(b), in determining [whether a movant is] entitled to relief from an untimely jury demand." (collecting cases)); *see also William J. Mouren Farm., Inc. v. Phillips 66 Pipeline, LLC*, No. 1:18-cv-00404-DAD-BAM, 2018 WL 3615849, at *4–5 (E.D. Cal. July 26, 2018) (declining to follow *Baldwin*); *William J. Mouren Farm., Inc.*, No. 1:18-cv-00404-DAD-BAM, 2018 WL 3615849, at *4 (As one district court recently pointed out, "there is no Ninth Circuit authority supporting the application of the *Pioneer* factors to permit an otherwise untimely jury demand under Rule 6(b).").

4

every action and proceeding."[33] Depriving Samson of the right to a civil jury trial because of a seven-day delay in filing a motion while lead counsel was incapacitated by a medical emergency would be an unjust administration of the Rules.

    *C.    Conclusion*

Because Samson's failure to file a timely jury demand was not the result of mistake or mere inadvertence, and instead due to lead counsel's medical emergency, the Court finds the seven-day delay excusable. Accordingly, Samson's Motion for Jury Trial at Docket 94 is **GRANTED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 23, 2021.

---

[33] Fed. R. Civ. P. 1.