IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG AND BARGE, CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, ALASKA LONGSHORE DIVISION, and ILWU UNIT 222, <br><br> Defendants. | Case No. 3:20-cv-00108-TMB <br> Case No. 3:20-cv-00248-TMB <br> Consolidated <br><br> **ORDER ON MOTION TO VACATE REFERRAL** <br> **(DKT. 138)** |

## I.  INTRODUCTION

The matter comes before the Court on Plaintiff Samson Tug and Barge, Co., Inc.'s ("Samson") Motion to Vacate Referral (the "Motion").[1] Defendants International Longshore and Warehouse Union, Alaska Longshore Division, and ILWU Unit 222 (collectively "ILWU") oppose the Motion.[2] Although Samson requests oral argument, the Court finds the issue suitable for disposition on the briefing without argument[3] and therefore **DENIES** Samson's Motion for Hearing at Docket 145. For the reasons stated below, the Court **GRANTS** the Motion at Docket 138 and **VACATES** the referral to Chief Magistrate Judge Matthew M. Scoble at Section V.B. of the Scheduling and Planning Order.

---

[1] Dkt. 138 (Motion); Dkt. 139 (Memorandum); Dkt. 140 (Dosik Declaration); Dkt. 141 (Royce Declaration); Dkt. 152 (Reply).

[2] Dkt. 149 (Opposition); Dkt. 150 (Maglio Declaration); Dkt. 151 (Clatterbaugh Declaration).

[3] *See* Alaska L. Civ. R. 7.1(f) (oral argument is discretionary).

1

## II. BACKGROUND

In the Scheduling and Planning Order[4] issued May 26, 2022, the Court referred this matter to Chief Magistrate Judge Matthew M. Scoble based on the parties' representation in their Scheduling and Planning Conference Report[5] that they consent to trial before a magistrate judge. Before the Chief Magistrate Judge took any action in this case, and before either party took any action before the Chief Magistrate Judge, Samson filed the present Motion asking to vacate referral on the basis that it did not knowingly and voluntarily consent.[6]

Samson asserts it filed the parties' Scheduling and Planning Conference Report without realizing ILWU had selected the box indicating that the parties "do" consent to trial before a magistrate judge.[7] Samson explains that the parties never discussed whether they consent to trial before a magistrate judge.[8] Instead, the parties communicated their positions on this issue using "track changes" when exchanging drafts of the Scheduling and Planning Conference Report.[9] Samson's counsel first emailed a draft report to counsel for ILWU in which Samson checked the box indicating that the parties "do not" consent to trial before a magistrate judge.[10] ILWU's counsel replied with a revised draft. The body of ILWU's email reads as follows:

> Thank you for getting us started on this. Please find our proposed changes attached. They are not dramatic changes and I hope you find them acceptable. We propose

---

[4] Dkt. 137 (Scheduling & Planning Order).

[5] Dkt. 135 (Scheduling & Planning Conference Report).

[6] Dkt. 138.

[7] Dkt. 139 at 4–5.

[8] *Id.* at 4 ("At no time was the issue of referral to a magistrate mentioned in email correspondence or discussed orally between the parties.").

[9] *Id.*

[10] *Id.* at 3–4; *see also* Dkt. 140-1 at 9 (Dosik Email & Attachment).

changing many of the deadlines because we propose moving the discovery cut-off, which we felt was set too close to the winter holidays. Pushing that out to January 13, 2023 meant pushing the subsequent dates back. We also thought there needed to be a bit more time between the deadline to file discovery motions and the deadline to file dispositive motions, so we propose an 8-week interval. And, we added the details for ESI format according to document review software conventions.[11]

ILWU did not mention that in addition to the changes described in its email, it had also checked the box consenting to referral and unchecked the box indicating that the parties did not consent.[12] That change, along with ILWU's other proposed edits, was highlighted in the document using "track changes."[13] Samson ultimately incorporated ILWU's changes and filed the report.[14]

Samson's counsel concedes he "probably should have noticed that Defendants' counsel changed the boxes in the form" but explains that he relied on defense counsel's representation that "his proposed changes involved dates that were 'not dramatic changes' to the form submitted by Plaintiff's counsel."[15] Samson argues its counsel's inadvertent and unintentional oversight does not constitute a knowing waiver of its constitutional right to proceed before an Article III judge and argues good cause and extraordinary circumstances warrant vacating referral under 28 U.S.C. § 636(c)(4).

### III. LEGAL STANDARD

"A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. This right can be waived, allowing parties to consent to trial

---

[11] Dkt. 140-2 at 1 (Clatterbaugh Email & Attachment).

[12] *See id.* at 11.

[13] *Id.*

[14] Dkt. 139 at 4–5.

[15] *Id.* at 6.

before a magistrate judge."[16] When all parties consent, 28 U.S.C. § 636(c) permits a magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case."[17] The statute also provides that "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."[18] The Ninth Circuit has recognized that this good cause or extraordinary circumstances requirement is designed to prevent litigants from shopping between a magistrate and a district judge by, for example, withdrawing consent because of "dissatisfaction with a magistrate judge's decision."[19]

## IV. DISCUSSION

The Court concludes Samson inadvertently consented to proceed before a magistrate judge and, for that reason, easily finds it appropriate to vacate referral under 28 U.S.C. § 636(c)(4).

Samson vigorously contends it never intended to consent to referral. Samson supports this position with sworn declarations from its counsel and attachments showing the parties' exchange of draft reports. ILWU does not dispute Samson's account of what happened in any material way.[20]

---

[16] *Dixon v. Ylst*, 990 F.2d 478, 479–80 (9th Cir. 1993) (internal citation omitted).

[17] 28 U.S.C. § 636(c)(1); *see also* Fed. R. Civ. P. 73(a) ("When authorized under 28 U.S.C. § 636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial.").

[18] 28 U.S.C. § 636(c)(4); *see also* Fed. R. Civ. P. 73 (b)(3) ("On its own for good cause—or when a party shows extraordinary circumstances—the district judge may vacate a referral to a magistrate judge under this rule.").

[19] *Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019); *see also Gilmore v. Lockard*, 936 F.3d 857, 862 (9th Cir. 2019) ("Allowing a party to withdraw consent without utilizing the good cause standard could indeed allow a litigant to 'shop' between a magistrate and a district judge.").

[20] The sole factual dispute between the parties concerns whether ILWU mislead Samson, intentionally or unintentionally, by stating that its proposed changes were "not dramatic" and failing to mention it consented to referral. *Compare* Dkt. 150 at 4 (asserting Samson was misled by ILWU) *with* Dkt. 149 at 6 ("ILWU vehemently opposes Samson's assertions that ILWU

4

Having carefully reviewed the record, the Court concludes Samson did not meaningfully consent to referral when it mistakenly filed the parties' Scheduling and Planning Conference Report without realizing ILWU had unilaterally changed Samson's selection from "do not" consent to "do" consent.[21] Further, Samson immediately moved to rectify this error by filing the present Motion before the Chief Magistrate Judge took any action in this case. Under these unusual circumstances, the Court finds both good cause and extraordinary circumstances warrant vacating referral.

ILWU does not dispute that Samson never intended to consent to referral.[22] Rather, ILWU takes the position that it does not matter Samson never intended to consent.[23] This is so, ILWU argues, because Samson's counsel was obligated to review ILWU's proposed edits to the draft

---

counsel intentionally misled Samson's counsel to consent to magistrate jurisdiction."). The Court need not resolve this dispute to find good cause or extraordinary circumstances warrant vacating referral.

[21] ILWU's counsel insists that whether the parties consented to proceed before a magistrate judge "did not appear to [him] to be a significant issue in the Rule 26(f) report," purportedly to explain why he did not discuss the change with Samson's counsel and represented instead that ILWU's proposed changes were "not dramatic." Dkt. 151 at 2. The Court disagrees that this change was not a "significant issue." As Samson argues, "[w]aiver of a constitutional right is always a significant issue." Dkt. 152 at 5. And the change was particularly significant here where the parties have litigated this case for years in front of this Court and judicial economy may well weigh against referral. The better practice would have been to fully inform Samson of ILWU's proposed change to avoid this misunderstanding, motions practice, and the associated expenses.

[22] *See, e.g.*, Dkt. 149 at 2 ("Samson's sole reason for its request is that the consent was mistaken. . . . simple mistake is not enough."); *id.* at 6 ("ILWU accepts Samson's admission that they consented to magistrate jurisdiction without reading the consent form[.]").

[23] Dkt. 149 at 2.

5

report,[24] "good cause and extraordinary circumstances are 'high bars that are difficult to satisfy,'"[25] and "mistake is not enough."[26]

The cases cited by ILWU do not stand for the proposition that "mistake is not enough."[27] In each of these cases, the court concluded—or it was undisputed—that the party seeking to vacate referral initially intended to consent to the magistrate judge's jurisdiction.[28] For example, in *Stuckey v. Juarez*,[29] the court rejected the plaintiff's "simple assertion" that he "mistakenly consented," finding instead that he "voluntarily consented to the jurisdiction of the magistrate judge" given the clarity of the consent form and the absence of other evidence suggesting the

---

[24] *Id.* at 2–4.

[25] *Id.* at 4.

[26] *Id.* at 6.

[27] Dkt. 149 at 6.

[28] *See Branch v. Umphenour*, 936 F.3d 994, 1000 (9th Cir. 2019) ("Branch does not dispute that he consented to the magistrate judge's jurisdiction."); *Viens v. Sherman*, 775 F. App'x 328, 329 (9th Cir. 2019) ("We are satisfied that Viens voluntarily consented to the exercise of the magistrate judge's jurisdiction."); *Stuckey v. Juarez*, No. 1:18-cv-01557-SAB (PC), 2020 WL 2732000, at *2 (E.D. Cal. May 26, 2020) ("The court therefore finds that plaintiff voluntarily consented to the jurisdiction of the magistrate judge."); *E.D. v. Cnty. of Contra Costa*, No. 20-CV-03014-SK (JSW), 2022 WL 1015992, at *2 (N.D. Cal. Apr. 5, 2022) ("Plaintiff, through *guardian ad litem* Barraza, expressly consented to magistrate jurisdiction on at least three occasions. Plaintiff also implicitly consented to magistrate jurisdiction through his conduct by extensively litigating the case and agreeing to a trial date before Judge Kim. For these reasons, the Court finds that Plaintiff consented to magistrate jurisdiction."); *Jamison v. Palagummi*, No. 2:13-CV-01705 AC P, 2014 WL 2859085, at *1 (E.D. Cal. June 23, 2014) (finding plaintiff voluntarily consented despite argument that "he did not fully understand what consenting to magistrate judge jurisdiction for all further proceedings meant" where plaintiff failed to "explain how his mental health condition affects or limits his understanding of written documents or his ability to make decisions for himself").

[29] 2020 WL 2732000.

6

defendant inadvertently consented to referral.[30] Because consent was intentionally given in these cases, the courts were concerned that the party asking to withdraw consent was engaging in the type of gamesmanship the statute was intended to prevent.[31] The Court is not concerned Samson is engaging in gamesmanship here. Rather, as Samson explains, "Plaintiff is simply attempting to correct an oversight before it has any consequences to any party."[32] The Court **GRANTS** the Motion accordingly.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Samson's Motion for Hearing at Docket 145, **GRANTS** the Motion at Docket 138, and **VACATES** the referral to Chief Magistrate Judge Matthew M. Scoble at Section V.B. of the Scheduling and Planning Order.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 9th day of August, 2022.

/s/ _Timothy M. Burgess_
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[30] *Id.* at *2–3.

[31] *See, e.g.*, *id* at *3 (noting the Ninth Circuit's concern with allowing litigants to 'shop' between a magistrate and a district judge and explaining that "[t]o allow withdrawal based upon plaintiff's simple assertion that he inadvertently consented, particularly given the clarity of the consent form and the absence of other evidence suggesting consent was not voluntary and knowing, would render the extraordinary circumstances standard inoperable").

[32] Dkt. 139 at 11.