**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*Samson Tug and Barge Co., Inc et al v. International Longshore and Warehouse Union et al.*
3:20-cv-00108-TMB; 3:20-cv-00248-TMB (Consolidated)

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

Before the Court is Samson Tug and Barge Co., Inc.'s ("Samson") Motion for Preliminary Injunction (the "Motion").[1] The Court assumes the Parties are familiar with the factual and procedural history of the case.

In the Motion, Samson reports that on May 9, 2024, Defendant International Longshore and Warehouse Union, Alaska Longshore Division and Defendant ILWU Unit 222's (collectively, "ILWU") subpoenaed Samson's owner and president, George Baggen, to appear at an upcoming arbitration hearing regarding ILWU's claim of indemnity against Matson Navigation Company of Alaska ("Matson").[2] This arbitration hearing, scheduled for May 16 and 17, 2024, in Portland, Oregon, will assess whether Matson must indemnify ILWU for any damages that ILWU must pay to Samson and for attorney fees incurred as a result of pending litigation.[3] In turn, Matson has requested that Samson indemnify Matson for any payments Matson must make to ILWU stemming from ILWU's arbitration claim.[4]

Samson moves the Court for a preliminary injunction under Federal Rule of Civil Procedure ("Rule") 65(a) "to prevent ILWU from taking action to enforce" what Samson argues is an "illegal hot cargo agreement" between ILWU and Matson.[5] Samson seeks to stay the arbitration hearing to "prevent[] ILWU from taking any further steps to enforce the arbitration award—including subpoenaing a witness to appear in front of the arbitrator, until such time as this court determines whether this award is unenforceable and void."[6] Samson did not file a temporary restraining order under Rule 65(b), nor did it properly move for expedited consideration of the Motion under Local Civil Rule 7.3(a).[7]

---

[1] Dkt. 252 (Motion for Preliminary Injunction).
[2] *Id.* at 7.
[3] *Id.* at 4–5.
[4] *Id.* at 3.
[5] *Id.* at 4–5, 19.
[6] *Id.* at 17–18.
[7] *Id.* (absence).

1
Case 3:20-cv-00108-TMB   Document 256   Filed 05/16/24   Page 1 of 2

Under Rule 65(a), "[t]he court may issue a preliminary injunction only on notice to the adverse party."[8] In contrast, under Rule 65(b),

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[9]

Moreover, under Local Civil Rule 7.3, "[a] party may request expedited consideration of a motion by filing a separate motion that specifies the date on which a decision on the principal motion is needed."[10] A motion for expedited consideration must be supported by:

> (A) a declaration or affidavit showing good cause for a determination on expedited consideration, including any efforts to resolve the matter between the parties and the respective positions of each party; and (B) proof of immediate service of the motion on other parties or a declaration or affidavit explaining why such service was not possible.[11]

Here, Samson's Motion seeks a preliminary injunction under Rule 65(a).[12] Under Rule 65(a) and Local Civil Rule 7.2, ILWU is afforded "notice" and an adequate opportunity to respond to the Motion. If ILWU seeks to respond, it is directed to file a response to Samson's Motion **on or before May 28, 2024**.[13]

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May 16, 2024.

---

[8] Fed. R. Civ. P. 65(a).
[9] Fed. R. Civ. P. 65(b)(1).
[10] Local Civil Rule 7.3(a).
[11] Local Civil Rule 7.3(a)(1).
[12] See Dkt. 252. Samson has had notice of this arbitration hearing since ILWU issued the subpoena on May 9, 2024. Further, given the imminent proceedings, Samson could have requested a temporary restraining order under Rule 65(b) and moved for expedited consideration under Local Rule 7.3.
[13] See Local Civil Rule 7.2(b)(1) ("[O]ppositions to all other motions must be filed within 14 days of service.").